UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CLARENCE A. BAREFIELD/COATS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-09 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Clarence A. Barefield/Coats ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1). Respondent has filed a Motion to Dismiss (Dkt. No. 15) to which Petitioner has responded (Dkt. No. 17). After considering the parties' arguments, the record and the applicable law, the Court is of the opinion that Respondent's motion should be granted and Petitioner's habeas petition be denied.

**Factual Background**

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th District Court of DeWitt County, Texas, in cause number 01-03-9448. DeWitt County Clerk's Record ("CR") at 132-34. On March 5, 2003, a jury found Petitioner guilty of the offense of aggravated sexual assault of a child. CR at 132-34. On March 6, 2003, Petitioner was sentenced to ninety-nine years incarceration in the TDCJ-CID. *Id.*

Petitioner timely appealed his conviction and sentence. *See Barefield v. State*, No. 13-03-00151-CR (Tex. App.-Corpus Christi). On July 29, 2004, in an unpublished opinion, the Texas Thirteenth Court of Appeals affirmed Petitioner's conviction and sentence. *Id.* Petitioner filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("CCA"),

which was refused on December 1, 2004. *Barefield v. State*, No. PD-1340-04.

On August 15, 2005, Petitioner filed an application for a state writ of habeas corpus, which the CCA denied on May 24, 2006 on the findings of the trial court and without written order or a hearing. *Ex Parte Barefield*, Application No. 63,082-01at cover, 48. While Petitioner's state application was pending, he filed a motion for DNA testing on November 28, 2005, which was denied on December 19, 2005. *Id.* at 1, 7. Approximately seven months after the CCA denied his state habeas application, on January 2, 2007, Petitioner filed the present federal habeas petition. Dkt. No. 1 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail system).

## Summary Judgment Standard

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[1] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, a non-movant must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## Statute of Limitations

Petitioner filed his federal habeas petition on June 2, 2007. Dkt. No.18 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall

  run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  Petitioner was sentenced on March 6, 2003. The Texas Thirteenth Court of Appeals affirmed his conviction and sentence on July 29, 2004 and his PDR was refused on December 1, 2004. Therefore, Petitioner's conviction became final on March 1, 2005, the last day he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). Thus, Petitioner had until March 1, 2006 to file his federal petition.

  Petitioner filed his application for a state writ of habeas corpus on August 15, 2005. *Ex Parte Barefield*, Application No. 63,082-01 at 48. The CCA denied his petition on May 24, 2006. *Id.* at cover. Petitioner's state application was pending for 282 days, extending the expiration of his federal limitations period to December 8, 2006. 28 U.S.C. § 2244(d)(2). Thus, when Petitioner filed the instant petition on January 2, 2007, he did so 25 days too late. Petitioner's federal habeas petition

4

is therefore time-barred unless he can show that the limitations period was tolled.

Petitioner neither asserts, nor can the Court otherwise identify, anything in his petition or response to Respondent's motion to dismiss that supports extending the applicable limitations period. Because Petitioner does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion to Dismiss (Dkt. No. 15) is **GRANTED**.

2. This action is **DISMISSED**.

5

3.	A certificate of appealability is **DENIED**.

**SIGNED** this 9th day of May, 2008.

```
                         _____
                              JOHN D. RAINEY
                         UNITED STATES DISTRICT JUDGE
```